JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Wilbro Hamilton ("Hamilton"), appeals his conviction for vandalism, arguing that the State presented insufficient evidence. We find no merit to the appeal and affirm.
 {¶ 2} In September 2003, Hamilton was charged with one count of vandalism. The indictment alleged that he knowingly caused physical harm to the property of his former landlord, Mary Harris. The matter proceeded to a bench trial, where the following evidence was presented.
 {¶ 3} Hamilton rented the house at 1261 Parkwood Road in Cleveland and was Harris' tenant from 1987 until he was evicted in June 2003. In March 2003, Harris initiated eviction proceedings against Hamilton because of his failure to pay rent and his neglect of her property. Subsequently, the parties reached an agreement in housing court, whereby Hamilton agreed to vacate the premises by June 2, 2003.
 {¶ 4} Harris testified that, upon entering the house on June 2, she discovered considerable damage to the floors, doors, ceilings, and kitchen cabinets. She stated that after she last entered the house in January 2003, someone had ripped the ceiling fans out, pulled out the kitchen cabinets and floor tiles, knocked out panels in the doors, pulled out electrical cords, and spray-painted graffiti in the bathroom. She further testified that there was debris throughout the house. The State offered photographs to corroborate her testimony.
 {¶ 5} Cleveland Det. Ann Marie Ziska testified that on June 2, 2003, she responded to a vandalism complaint at 1261 Parkwood Road. She stated that when she arrived, Harris was very upset over the condition of the house. Det. Ziska described the inside of the house as "a mess" with garbage and clutter strewn throughout the house, and "everything was broken." She further stated that she believed the damage was attributable to both neglect and active destruction. As for the purposeful and deliberate destruction to the home, she stated there was red spray paint in the bathroom, damage to the counter tops, overturned appliances, and holes in the walls.
 {¶ 6} Hamilton testified that he vacated the premises in March 2003 and denied causing any of the damage. He claimed that the house was in poor condition when he first moved in. He further stated that he believed the damage was caused by Harris' relatives and her failure to remedy the problems in the house. He indicated that the ceiling and floor damage was caused by water leaks from the roof, which Harris failed to adequately repair. Hamilton also claimed that Harris had been inside the house with a cleaning crew in March 2003.
 {¶ 7} The trial court found Hamilton guilty of vandalism and sentenced him to time served and ordered him to pay court costs and assigned counsel fees.
 {¶ 8} Hamilton appeals, raising one assignment of error. He argues that there was insufficient evidence to convict him of vandalism.
 {¶ 9} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. State v.Thompkins, 78 Ohio St.3d 380, 390, 1997-Ohio-52. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 10} Hamilton was convicted of vandalism pursuant to R.C.2909.05, which provides in relevant part:
"(B)(1) No person shall knowingly cause physical harm to property that is owned or possessed by another, when either of the following applies:
(a) The property is used by its owner or possessor in the owner's or possessor's profession, business, trade, or occupation, and the value of the property or the amount of physical harm involved is five hundred dollars or more[.]"
 {¶ 11} Hamilton claims that the trial court should have granted his Crim.R. 29 motion for acquittal because there was no direct evidence that he committed the vandalism. He argues that the trial court improperly relied on Harris' testimony to establish that he damaged the property. However, it is well-settled that circumstantial evidence and direct evidence inherently possess the same probative value and, therefore, should be subjected to the same standard. Jenks, supra. Accordingly, in light of Harris' testimony that she did not enter the house until June 2003, that Hamilton was the only person who was living there, and the house was not damaged the last time she entered, we find that a reasonable trier of fact could have concluded that Hamilton caused the damage to the house. Moreover, evidence of Hamilton's ill will toward Harris for his having to vacate the premises further supported her testimony that Hamilton caused the damage.
 {¶ 12} We further find that the type of damage demonstrated that it was knowingly caused. There was graffiti spray-painted in the bathroom, electrical cords hanging from the ceiling, an overturned refrigerator, and garbage and clothing strewn throughout the house. The nature of the damage was not something caused by simple neglect. Further, Det. Ziska testified that the damage to the house was intentional rather than neglectful.
 {¶ 13} To the extent that Hamilton argues his testimony contradicts Harris' version of the events, we note that such a claim relates to the manifest weight of the evidence, not the State's burden of production. The State offered evidence as to each element of the crime and, therefore, the trial court properly overruled Hamilton's motion for acquittal.
 {¶ 14} Accordingly, we overrule the sole assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO, J. and McMONAGLE, J. Concur.